**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ABSOLUTE ARCHITECTURE P.C., an Illinois corporation, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GABBY INVESTMENTS, LLC, a Delaware limited liability company, 50.COM INC., a New Jersey corporation, and RICHARD GABRIEL, JEAN GABRIEL A/K/A 50.COM, and ASHLEY GABRIEL, individuals,

Defendants.

Case No. 1:13-cv-7865

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Absolute Architecture P.C. ("Plaintiff") brings this class action Complaint against Defendants Gabby Investments, LLC ("Gabby Investments"), 50.com, Inc., Richard Gabriel ("Richard"), Jean Gabriel a/k/a "50.com" ("Jean") and Ashley Gabriel ("Ashley") (collectively "Defendants"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## I. NATURE OF THE ACTION

1. Gabby Investments provides venture capital services and trades predominantly in Internet domain names and real estate. The 50.com domain name was for sale on Gabby Investments' website, www.gabbyinvestments.com/domains on or about March 13, 2013 evinced in Exhibit A. Gabby Investments' website is currently under maintenance. In an effort to market the 50.com domain, Defendants sent unsolicited junk faxes in bulk—"fax blasts"—to

unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

3. In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States. Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from a defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. This Court has personal jurisdiction over Defendants under the Illinois long-arm statute, 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward the State of Illinois. Defendants, by sending mass junk faxes into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## III. PARTIES

***Plaintiff***

7. Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Winnetka, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

***Defendants***

8. Gabby Investments is a limited liability company organized in and existing under the laws of the State of Delaware with its principal place of business located in Mahwah, New Jersey. It was organized on December 28, 2009. For purposes of 28 U.S.C. § 1332, Gabby Investments is a citizen of the State of Delaware and the State of New Jersey.

9. 50.com Inc. is a corporation organized and existing under the laws of the State of Delaware with an unknown principal place of business. 50.com, Inc. was organized on February 4, 2013. For purposes of 28 U.S.C. § 1332, 50.com, Inc. is citizen of the State of Delaware.

10. Richard is an individual domiciled in the State of New Jersey. On information and belief, Richard is alternatively domiciled in Fort Lauderdale, Florida. For purposes of 28 U.S.C. § 1332, Richard is a citizen of the State of New Jersey or the State of Florida.

11. Jean is an individual domiciled in the State of New Jersey. . On information and belief, Jean is alternatively domiciled in Fort Lauderdale, Florida. For purposes of 28 U.S.C. § 1332, Jean is a citizen of the State of New Jersey or the State of Florida.

12. Jean has owned the fictitious name "50.com" in the State of Florida since April 27, 2009.

13. Ashley is an individual domiciled in the State of New Jersey. On information and belief, Ashley is alternatively domiciled in Fort Lauderdale, Florida. For purposes of 28 U.S.C. § 1332, Ashley is a citizen of the State of New Jersey or the State of Florida.

## IV. FACTUAL BACKGROUND

***Defendants' Businesses and Lack of Corporate Formalities***

14. Gabby Investments' business includes the buying and selling of domain names as well as real estate and aircraft. Gabby Investments also provides direct lending services for the properties and domain names that it sells. Further, it purports to provide venture capital to startup and high growth companies in a variety of industries. It also promotes the sale of websites.

15. Domain names are letters and numbers – oftentimes real words and phrases – that correspond to IP addresses. An IP Address is a string of numbers that corresponds to a specific computer or server on a network. The use of domain names allows Internet users to type in a websites' domain name to access the website instead of the numerical IP address.

16. Today, domain names are bought and sold like commodities on the open market, with prices often exceeding $1 Million.[1]

17. 50.com is a domain name currently listed as for sale on Gabby Investments' website which is currently not functioning. (*See* Exhibit A.)

18. Gabby Investments was incorporated in December 28, 2009, before the faxes alleged herein were sent.

19. Richard, Jean a/k/a "50.com," and Ashley are owners and/or officers of Gabby Investments.

---

[1] *See The 10 Most Expenses Domain Names of 2012*, BUSINESS INSIDER, http://www.businessinsider.com/the-10-most-expensive-domain-names-of-2012-2012-12?op=1 (last visited March 18, 2013).

20. The domain name 50.com is currently owned by 50.com, Inc., and purports to offer website design and search engine optimization services.

21. 50.com, Inc. was incorporated on February 4, 2013, after the faxes alleged herein were sent.

22. Richard, Jean a/k/a "50.com," and Ashley are owners and/or officers of 50.com, Inc.

23. 50.com, Corp. was a corporation organized in the State of New Jersey, but the status was revoked on January 16, 2011, before the faxes alleged herein were sent.

24. Richard, Jean a/k/a "50.com," and Ashley were owners and/or officers of 50.com Corp.

25. Neither Gabby Investments nor 50.com, Inc. observe corporate formalities. For example, Gabby Investments' website has a sample "Transfer Agreements and Escrow Agreements" on its website that both list Ashley as the seller of the domain names. The site, however, is not currently functioning. Further, the Richard, Jean, and Ashley are officers of both Gabby Investments and 50.com Inc., and both entities share the same office space. Finally, Jean owns the fictitious name "50.com" and conducts business, including advertising, of Gabby Investments and/or 50.com, Inc. in that fictitious name.

26. On information and belief, Richard, Jean a/k/a "50.com," and Ashley use Gabby Investments and 50.com, Inc. as shell corporations to transfer personal assets and conduct business.

***Junk Fax sent by Defendants and Lack of Opt-out Notices***

27. On or about November 28, 2012, Plaintiff received the unsolicited fax advertisement attached as Exhibit B.

28. On or about January 30, 2013, Plaintiff received another unsolicited fax advertisement attached as Exhibit C. Discovery may reveal the transmission of additional faxes.

29. None of the faxes contain an opt-out notice as required by § 227(b)(2)(D).

30. The faxes in Exhibits B and C identify the sender as 50.com with an office in Mahwah, New Jersey.

31. Nevertheless, neither 50.com, Corp. nor 50.com, Inc. were in existence at the time the faxes were sent.

32. The only entities in existence at the time the faxes were sent were Gabby Investments and the "50.com" fictitious name of Jean.

33. Plaintiff had no prior relationship with Defendants and did not consent to the receipt of the above-referenced (or any) fax advertisements to Plaintiff.

34. On information and belief, the faxes attached as Exhibits B and C were transmitted as part of mass broadcastings, or "blasts," of faxes.

35. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

***Defendants' Liability***

36. Defendants sent the faxes and/or are responsible, as a matter of law, for the actions of the individuals who sent the faxes.

37. On information and belief, Richard, Jean a/k/a "50.com", and Ashley created or directed the creation of the faxes.

38. On information and belief, Richard, Jean and Ashley directly participated in or authorized the individual or entity acting on Gabby Investments and/or 50.com, Inc. to send the faxes.

39. Accordingly, Richard, Jean, and Ashley are personally liable.

40. Defendants' products or services were advertised in the faxes, and Defendants derived economic benefit from the transmission of the faxes.

## V. CLASS ALLEGATIONS

41. Plaintiff brings Count I, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class ("Class One")**

> All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendants ("Class One").

Excluded from Class One are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

42. Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-out Notice Class ("Class Two")**

> All individuals or entities in the United States who received one or more facsimile advertisements with opt-out notices from or on behalf of Defendants that do not comply with 47 U.S.C. § 227(b)(2)(D) ("Class Two").

Excluded from Class Two are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

43. "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

44. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of its claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

45. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

46. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

b. Whether Richard, Jean, and Ashley directly participated in or personally authorized the sending of the fax advertisements as alleged herein;

c. The manner in which Defendants compiled or obtained its list of fax numbers;

d. Whether Defendants violated the TCPA;

e. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

f. Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

g. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

47. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

48. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

49. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class as a whole.

50. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties,

and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Class One)**

51. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

52. Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

53. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

54. As a result of Defendants' unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

### COUNT II
**Insufficient Opt-out Notice in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)**
**(On behalf of Class Two)**

55. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

56. In addition to sending unsolicited faxes, Defendants' faxes fail to satisfy all of the opt-out notice requirements under § 227(b)(2)(D). Each fax lacks any notice *at all* and, therefore, a notice does not:

a. Appear clearly and conspicuously on the first page of the fax as required by § 227 (b)(2)(D)(i);

b. State that the recipient may submit a request to opt-out of receiving future faxes, under § 227(b)(2)(D(ii);

c. State that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

d. Set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

e. Include a domestic telephone number and fax number within a notice to use for an opt-out request, pursuant to § 227(b)(2)(D)(iv)(I);

f. Include a cost-free mechanism within a notice to use for the opt-out request, as required by § 227(b)(2)(D)(iv)(II);

g. Permit Plaintiff and the other Class members to submit a request at any time, under § 227(b)(2)(D)(v); and

h. Comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

57. As a result of Defendants' unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Absolute Architecture P.C., individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the Class as defined above, appointing Plaintiff Absolute Architecture P.C. as the representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding actual and statutory damages;

C. Enjoining Defendants from sending unsolicited facsimile advertisements with deficient opt-out notices;

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: November 1, 2013

Respectfully submitted,

ABSOLUTE ARCHITECTURE P.C., individually and on behalf of all others similarly situated

By:________________________________
One of the Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

4824-8977-1539, v. 4